McKENNA v. UNION S. S. CO.

(District Court, N. D. California, First Division. June 16, 1914.)

No. 15521.

SEAMEN (§ 29*)—INJURY IN SERVICE—LIABILITY OF VESSEL.

The owner of a steamship held not chargeable with negligence which rendered it liable for an injury to an able-bodied and experienced seaman, because it did not instruct him in the manner of performing his duties, and he without necessity chose an unsafe, instead of a safe, place from which to oil the steering gear.

[Ed. Note.—For other cases, see Seamen, Cent. Dig. §§ 186, 188–194; Dec. Dig. § 29.*]

In Admiralty. Suit by Bernard McKenna against the Union Steamship company. Decree for respondent.

F. R. Wall, of San Francisco, Cal., for libelant.

Ira A. Campbell and McCutchen, Olney & Willard, all of San Francisco, Cal., for libelee.

DOOLING, District Judge. Libelant claims that this cause should be determined in accordance with the laws of New Jersey, as the vessel upon which the accident occurred belongs to a New Jersey corporation. It is not necessary to determine this interesting question, because the New Jersey law upon which libelant bases his claim requires as a prerequisite to the right of recovery that "the injury be caused to an employé by accident arising out of and in the course of his employment, of which the actual or lawfully imputed negligence of the employer is the natural and proximate cause," and in this case I am unable to find that any actual or lawfully imputed negligence of the employer was the natural and proximate cause of the accident which resulted in the injuries of which libelant complains.

I cannot agree with libelant that there was any obligation on the part of the libelee to instruct him in his duties, or in the way to per-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

form them. He shipped as an able-bodied seaman. He is 33 years of age, has been going to sea since he was 14 years old, and has been for 13 years sailing up and down this coast. His is not the case of a minor, nor of one whose lack of experience on board ship would cast upon his employer the duty of instructing him in the method of performing the work which his position called for. On the contrary, the employer was entitled to believe that he fully understood all his duties, and if in fact he did not so understand them the obligation was cast upon him to seek information, and not upon the ship to furnish it unsought.

The fact that he selected a dangerous place from which to oil the steering gear, when there was an absolutely safe place provided for that purpose, does not argue negligence on the part of his employer, unless, indeed, the employer were bound so to close this place that libelant could not enter it at all, a proposition which cannot seriously be maintained. It is indeed, unfortunate that libelant suffered the severe injuries for which he brings this action; but, in the absence of negligence on the part of the libelee, he cannot recover.

I find no such negligence disclosed by the proofs, and the libel will therefore be dismissed.